IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE AGUIRRE-GALLEGOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Criminal Action No. H-99-477 |
| | § | Civil Action No. H-05-3431 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court are Jose Aguirre-Gallegos's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civil Document No. 1; Criminal Document No. 58) and the Government's Motion to Dismiss (Criminal Document No. 63). Having considered the motions, submissions, and applicable law, the Court determines that Aguirre-Gallegos's § 2255 motion should be denied for want of jurisdiction, and the Government's motion to dismiss should be granted.

Petitioner Jose Aguirre-Gallegos ("Aguirre-Gallegos") files the instant motion under 28 U.S.C. § 2255 asking the Court to correct a sentencing error he alleges violates the Fifth and Eighth Amendments of the United States Constitution. On August 20, 1999, a federal grand jury indicted Aguirre-Gallegos, charging him with one count of illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). On October 22, 1999, Aguirre-Gallegos pleaded guilty to the charge without a plea

agreement. Subsequently, on January 19, 2000, the Court sentenced him to ninety-six months in prison, fined him $7,500, and imposed a $100 special assessment. The United States Court of Appeals for the Fifth Circuit affirmed Aguirre-Gallegos's conviction and sentence on March 13, 2001. Aguirre-Gallegos did not file a petition for certiorari with the United States Supreme Court.

On September 12, 2001, Aguirre-Gallegos filed his first § 2255 motion, alleging he had received ineffective assistance of counsel. The Court denied his motion. He then filed a second § 2255 motion on September 27, 2002. The Court denied the motion because Aguirre-Gallegos had not met the prerequisites for filing a successive § 2255 motion. On October 3, 2005, Aguirre-Gallegos filed the instant motion, his third such motion seeking relief under § 2255, ostensibly challenging the length of his sentence and the amount of the fine. Thus, this is Aguirre-Gallegos's third § 2255 motion.

A successive motion is one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 866 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Aguirre-Gallegos's instant claim of a sentencing error could have been raised on direct appeal or in his initial motion brought pursuant to § 2255.

Successive § 2255 motions must be certified by a panel of the Court of Appeals

before they may be filed in the district court. The panel must certify that the motion contains either newly discovered evidence sufficient to establish by clear and convincing evidence that "no reasonable fact finder would have found the movant guilty of the offense" or that the movant's petition involves a new rule of constitutional law the Supreme Court has made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255. Aguirre-Gallegos has once again not sought leave from the Fifth Circuit to file a successive § 2255 motion. Accordingly, the Court lacks jurisdiction to consider his motion. *Id.*; *see United States v. McCutcheon*, 146 Fed. Appx. 755, 755 (5th Cir. 2005); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Accordingly, the Court hereby

ORDERS that Jose Aguirre-Gallegos's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civil Document No. 1; Criminal Document No. 58) is DENIED. The Court further

ORDERS that the Government's Motion to Dismiss (Criminal Document No. 63) is GRANTED. All Jose Aguirre-Gallegos's claims against the United States are hereby DISMISSED.

SIGNED at Houston, Texas, on this 18th day of January, 2006

*David Hittner*

_____

DAVID HITTNER

United States District Judge